

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00407-CV

**IN RE ATLANTIC SOUNDING CO., INC.**

Original Mandamus Proceeding[1]

Opinion by:    Marialyn Barnard, Justice

Sitting:        Marialyn Barnard, Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  December 9, 2015

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On July 6, 2015, relator Atlantic Sounding Co., Inc. filed a petition for writ of mandamus complaining of the trial court's order denying its motion to transfer venue in the underlying suit brought under the Jones Act. *See* 46 U.S.C.A. § 30104. We conclude the trial court abused its discretion in denying the motion to transfer venue. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0181(e) (West Supp. 2015). Therefore, we conditionally grant mandamus relief.

## BACKGROUND

While employed by Atlantic in June 2014, Juan Gonzalez allegedly slipped and fell while working on a vessel in the Southwest Pass of the Mississippi River in inland waters of Louisiana. Gonzalez filed suit against Atlantic in October 2014 seeking to recover for his personal injuries,

---

[1] This proceeding arises out of Cause No. DC-14-844, styled *Juan Gonzalez v. Atlantic Sounding Co., Inc.*, pending in the 229th Judicial District Court, Starr County, Texas, the Honorable Ana Lisa Garza presiding.

lost wages and related damages. Gonzalez brought his suit under the Jones Act which provides for a civil action to recover against an employer when a seaman is injured or killed in the course of employment. *See* 46 U.S.C.A. § 30104. Gonzalez filed suit in Starr County, alleging he is a resident of Starr County and that Atlantic "does not maintain a regular place of business" in Texas. Gonzalez stated in his original petition that venue is proper in Starr County pursuant to the mandatory venue provisions of the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 15.0181(e).

Atlantic filed its answer in November 2014, subject to its motion to transfer venue, filed concurrently. In its motion to transfer venue, Atlantic sought to transfer the case to Harris County asserting mandatory venue pursuant to subsection 15.0181(e)(1). After a hearing on Atlantic's motion to transfer venue, the trial court signed an order denying the motion on May 12, 2015. Atlantic then filed this petition for writ of mandamus.

## ANALYSIS

### *Availability of Mandamus*

Mandamus is an extraordinary remedy available only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 841 (Tex. 1992) (orig. proceeding). A trial court has no discretion in determining what the law is or in its application of law to the facts. *Id.* at 840. A clear failure to correctly analyze or apply the law will constitute an abuse of discretion correctable by mandamus. *Id.* Mandamus is appropriate to review a trial court's venue determinations under the mandatory venue provisions of Chapter 15 of the Civil Practice and Remedies Code, without consideration of the adequacy of an appellate remedy. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642 (West 2002); *In re Missouri Pac. R.R. Co.,* 970 S.W.2d 47, 50 (Tex. App.—Tyler 1998, orig. proceeding).

*Determining Venue*

Under the rules of civil procedure, a plaintiff has the initial duty to properly plead and prove that venue is maintainable in the county of suit. *See* TEX. R. CIV. P. 87. A plaintiff's venue facts will be taken as true unless specifically denied by an adverse party. TEX. R. CIV. P. 87(3)(a). When the defendant specifically denies a venue fact, the plaintiff then has the burden of providing prima facie proof to support venue in the county of suit. *Id*. Prima facie proof is made "when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading." *Id*.

Venue in a suit brought under the Jones Act is determined by the mandatory provisions contained in section 15.0181 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0181(b) (West Supp. 2015). When all or a substantial part of the events giving rise to the suit occurred in inland waters outside of Texas, subsection (e) applies. TEX. CIV. PRAC. & REM. CODE ANN. § 15.0181(e). Under subsection (e), venue is mandatory in the county of the defendant's principal office in Texas, if the office is located in a coastal county; in Harris County; in Galveston County; or, "if the defendant does not have a principal office in this state located in a coastal county, in the county where the plaintiff resided at the time the cause of action accrued." *Id*.

*Application to the Facts*

There is no dispute that Gonzalez's accident occurred while he was working for Atlantic on a vessel navigating in inland waters outside the state of Texas. In his original petition, Gonzalez asserted venue is proper in Starr County under section 15.0181(e). He alleged himself to be a resident of Starr County and asserted Atlantic "does not maintain a regular place of business" in Texas. Gonzalez thus asserted mandatory venue under subsection (e)(4), which is applicable when the events giving rise to suit occurred in inland waters outside the state, and the defendant has no

principal office located in a coastal county in Texas. TEX. CIV. PRAC. & REM. CODE ANN. § 15.0181(e)(4) (West Supp. 2015).

In its motion to transfer venue, Atlantic specifically denied both of Gonzalez's alleged venue facts. Atlantic alleged the events giving rise to the suit occurred in inland waters outside of Texas, its principal place of business in Texas is located in Harris County, and Harris County is a "coastal county" as defined by the mandatory venue provision. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0181(a)(1) (West Supp. 2015). Atlantic sought transfer to Harris County, the location of its principal office in Texas, pursuant to the mandatory provision in subsection (e)(1), which requires venue in the county of defendant's principal office in Texas when the events giving rise to suit occur in inland waters outside of Texas. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0181(e)(1) West Supp. 2015).

After conducting discovery on the issue of venue, Gonzalez responded to Atlantic's motion to transfer. In his response, Gonzalez denied that venue was mandatory in Harris County, and specifically denied Atlantic's allegations that the "events at issue took place in inland waters outside of Texas," and that Atlantic's principal place of business in Texas is located in Harris County.

With respect to Atlantic's place of business, Gonzalez asserted he was unable to find evidence of an Atlantic office in Harris County, and that documents produced in discovery demonstrated Atlantic's principal office is in New Jersey. Gonzalez argued venue is proper in his county of residence under subsection 15.0181(e)(4) because Atlantic does not have a principal office in a coastal county in Texas. In addition, Gonzalez asserted for the first time that venue could alternatively be established in Starr County under subsection 15.0181(c). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0181(c)(1)-(3) (West Supp. 2015) (suit under Jones Act shall be

brought in county of defendant's principal office in this state, in county where events occurred, or in county of plaintiff's residence).

Gonzalez contends venue could properly be determined under subsection (c) because, in addition to his claims for injuries sustained while on Atlantic's vessel, he also alleged claims based on Atlantic's failure to properly manage his medical treatment after the accident. Gonzalez contends the acts and omissions which form the basis for the claims related to his post-accident medical treatment occurred out of Atlantic's New Jersey office and did not occur in inland waters outside of Texas. Thus, Gonzalez contends, subsection (c) applies, which allows a Jones Act suit in the county of plaintiff's residence in situations other than those occurring in inland waters inside or outside of Texas. *Compare* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0181(c) (requiring venue as indicated "except as provided by this section"); *with* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0181(d) (West Supp. 2015) (applicable when events giving rise to suit occur in inland waters of Texas) *and* § 15.0181(e) (applicable when events giving rise to suit occur in inland waters outside of Texas).

As prima facie evidence in support of his venue allegations, Gonzalez attached documents to his response to the motion to transfer venue. Gonzalez's exhibits included medical records, Secretary of State documents, payroll and human resources records from Atlantic, and correspondence from Atlantic to Gonzalez in Starr County after the accident. Gonzalez argued his exhibits establish his residence in Starr County and Atlantic's office in New Jersey.

In its reply, Atlantic objected that Gonzalez had failed to provide prima facie proof of venue facts specifically denied by Atlantic. Atlantic also attached an affidavit from its risk management director, Thomas Langan, in support of its own venue allegations. Langan's affidavit includes the following testimony: Gonzalez was injured while on a vessel in territorial waters of Louisiana; Atlantic has maintained a regular place of business in Houston, Texas within Harris

County for many years; the Houston office is its only permanent office in Texas, comprised of 28 permanent employees including "decision makers for Atlantic Sounding" who conduct daily affairs related to the company's projects in the area.

A "principal office" is defined as an office in this state "in which the decision makers for the organization within this state conduct the daily affairs of the organization." TEX. CIV. PRAC. & REM. CODE ANN. § 15.001(a) (West 2002). Langan's affidavit provides prima facie evidence that Gonzalez's accident occurred in inland waters outside of Texas and Atlantic maintains a principal office in Harris County, a Texas coastal county. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.0181(a)(1) (defining "coastal county" as one in a coastal area as defined in the Natural Resources Code, or with a U.S. Customs port "through which waterborne freight is transported."). Because all or a substantial part of the events giving rise to Gonzalez's claims occurred in inland waters outside of Texas, venue for Gonzalez's suit is properly determined by subsection 15.0181(e).[2] Under this mandatory provision, venue is only permitted in the county of plaintiff's residence when the defendant does ***not*** have a principal office in Texas located in a coastal county. TEX. CIV. PRAC. & REM. CODE ANN. § 15.0181(e)(4). When the defendant ***does*** have a principal office in a coastal county in Texas, venue must be in the county of the defendant's principal office, Harris County or Galveston County. TEX. CIV. PRAC. & REM. CODE ANN. § 15.0181(e)(1)-(3) (West Supp. 2015).

Gonzalez failed to provide adequate prima facie proof in support of his allegation that venue is maintainable in Starr County. The documents Gonzalez submitted in response to

---

[2] The Jones Act provides for a civil suit by a seaman against his employer for injuries sustained in the course of his employment. Accordingly, Gonzalez's argument that venue may be determined under subsection (c) based on his claims related to Atlantic's handling of his medical treatment, rather than under subsection (e) based on his claims related to the accident resulting in his injury, is unavailing. The events giving rise to Gonzalez's Jones Act claims are, necessarily, the acts or omissions which resulted in his personal injury while acting in the course of employment for Atlantic. *See* 46 U.S.C.A. § 30104.

Atlantic's specific denial of his venue facts do not constitute competent venue evidence as they were not properly authenticated by attachment to or incorporation by reference in proper affidavits. *See* TEX. R. CIV. P. 87(3)(a); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(a) (West 2002) (trial court shall determine venue questions based on pleadings and affidavits). In addition, even had Gonzalez's documents been properly authenticated, they are not probative of Gonzalez's allegation that Atlantic lacks a principal office in a coastal county in Texas. As Atlantic correctly points out, evidence that Atlantic has an office in New Jersey does not establish that Atlantic does not also maintain a principal place of business in Harris County, Texas. *See Missouri Pac. R.R. Co.*, 970 S.W.2d at 220 (a company may have more than one principal office).

Atlantic did provide prima facie proof sufficient to support its allegation that venue is mandatory in Harris County pursuant to Civil Practice and Remedies Code subsection 15.0181(e)(1). Accordingly, the trial court abused its discretion in denying Atlantic's motion to transfer venue.

## CONCLUSION

Based on the foregoing analysis, we conclude the trial court abused its discretion in failing to grant Atlantic Sounding's motion to transfer venue. *See Missouri Pac. R.R. Co.*, 970 S.W.2d at 55. Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate its May 12, 2015 order denying the motion to transfer venue and to enter an order transferring venue to Harris County. *See id*. The writ will issue only if we are notified of the trial court's failure to comply.

Marialyn Barnard, Justice